IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM R. KNOX,<br><br>        Defendant. | CASE NO. 8:12CR108<br><br>PRELIMINARY ORDER<br>OF FORFEITURE |

This matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 44). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has agreed to plead guilty to Counts 1 and 4 and agreed to admit to the Forfeiture Allegation of said Indictment. Count 1 charged the Defendant with conspiracy, in violation of 18 U.S.C. § 371. Count 4 charged the Defendant with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). The Forfeiture Allegation sought the forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982(a)(1), 2428, and 28 U.S.C. § 2461, of the following properties:

    a.    One white 2005 Ford Expedition, VIN 1FMFU18505LA67848;

    b.    One white 2004 Nissan Roadster, VIN JN1AZ36A84T012061;

    c.    Seized contents of bank account number xxxxxx3365 under the name NTS Spa, Ltd., d/b/a Ninety Third Street Spa at Wells Fargo Bank, N.A., in Omaha, Nebraska;

    d.    Seized contents of bank account number xxx4401 under the name Knox Contracting and Development Corp., William R. Knox, at Gateway Community Bank, a division of Northwest

      Federal Savings, aka Northwest Bank, in Omaha, Nebraska;

  e. Seized contents of bank account number xxx8624 under the name William R. Knox at Gateway Community Bank, a division of Northwest Federal Savings Bank, aka Northwest Bank, in Omaha, Nebraska;

  2. The Forfeiture Allegation also sought judgment against the Defendant for a sum of money equal to the value of the property constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses alleged in the Indictment.  It also sought the forfeiture of substitute property pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1030(i) and (j), as incorporated by 21 U.S.C. § 853(p).

  3. The Defendant further agreed to admit the Money Judgment in the amount of $225,000.00.  In satisfaction of the Money Judgment, the Defendant agreed to deliver to an agent of the Internal Revenue Service a Cashier's Check in the amount of $225,000.00, payable to the Department of Treasury, on or before the date of the sentencing hearing.

  4. By virtue of said plea of guilty, the Defendant forfeits his interest in the properties described in paragraph No. 2, above.  The United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

  5. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

  IT IS ORDERED:

  A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon the Forfeiture Allegation of the Indictment and the Defendant's plea of guilty, the United States shall seize the following-described properties:

1. One white 2005 Ford Expedition, VIN 1FMFU18505LA67848;

2. One white 2004 Nissan Roadster, VIN JN1AZ36A84T012061;

3. Seized contents of bank account number xxxxxx3365 under the name NTS Spa, Ltd., d/b/a Ninety Third Street Spa at Wells Fargo Bank, N.A., in Omaha, Nebraska;

4. Seized contents of bank account number xxx4401 under the name Knox Contracting and Development Corp., William R. Knox, at Gateway Community Bank, a division of Northwest Federal Savings, aka Northwest Bank, in Omaha, Nebraska;

5. Seized contents of bank account number xxx8624 under the name William R. Knox at Gateway Community Bank, a division of Northwest Federal Savings Bank, aka Northwest Bank, in Omaha, Nebraska;

C. In satisfaction of the Money Judgment, the Defendant shall deliver to an agent of the Internal Revenue Service a Cashier's Check in the amount of $225,000.00, payable to the Department of Treasury, on or before the date of the sentencing hearing.

D. The Defendant's interests in the properties set forth in paragraph B, above, are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

E. The aforementioned properties are to be held by the United States in its secure custody and control.

F. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United

States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

G. Said published notice shall state the Petition referred to in Paragraph F, above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

H. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an interest in the properties subject to this Order, as a substitute for published notice as to those persons so notified.

I. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 17th day of June, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge